# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JEREMY L. LARSON,<br><br>              Plaintiff,<br><br>          v.<br><br>JASON HAMILTON, *et al.*,<br><br>              Defendants. | Case No. 3:25-cv-00028-SLG |

## **SCREENING ORDER**

On February 6, 2025, self-represented prisoner Jeremy L. Larson ("Plaintiff") filed a civil complaint and an application to waive prepayment of the filing fee.[1] Plaintiff's claims relate to events that allegedly occurred while he was serving a sentence at the Palmer Correctional Center ("FCC") in the custody of the Alaska Department of Corrections ("DOC").[2] Plaintiff's Complaint alleges that Defendants violated his First, Fourth, and Fourteenth Amendment rights, as well as Alaska state laws and regulations, when they refused to provide him with his mail.[3] Specifically, Plaintiff claims his niece sent him approximately 150 pages of sheet music that was printed from a website requiring a paid subscription, and DOC withheld that mail from Plaintiff. For relief, Plaintiff requests punitive damages, that

---

[1] Dockets 1-2.

[2] Docket 1 at 4.

[3] Docket 1

he be given his music, and "a declaration that Alaska DOC is using an unpromulgated regulation."[4]

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed in this order, Plaintiff's Complaint fails to adequately state a claim for which relief may be granted. Therefore, the Complaint is DISMISSED. However, Plaintiff is accorded **60 days** to file an amended complaint that attempts to correct the deficiencies identified in this order. Alternatively, Plaintiff may file a notice of voluntarily dismissal in which he elects to close this case.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[5] In this screening, a district court must dismiss the case at any time if the court determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[6]

---

[4] Docket 1 at 5.

[5] 28 U.S.C. §§ 1915, 1915A.

[6] 28 U.S.C. § 1915(e)(2)(B).

Case No. 3:25-cv-00028-SLG, *Larson v. Hamilton, et al.*
Screening Order
Page 2 of 13
Case 3:25-cv-00028-SLG    Document 4    Filed 07/08/25    Page 2 of 13

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[7] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[8] Although the scope of review generally is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[9] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[10]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[11] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[12]

---

[7] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[8] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

[9] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[10] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[11] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[12] *Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

Case No. 3:25-cv-00028-SLG, *Larson v. Hamilton, et al.*
Screening Order
Page 3 of 13
Case 3:25-cv-00028-SLG    Document 4    Filed 07/08/25    Page 3 of 13

**DISCUSSION**

**I.     Requirements to State a Claim**

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[13] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[14] To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint contains enough facts that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[15] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[16]

**II.    Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")**

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or

---

[13] Fed. R. Civ. P. 8(a)(2).

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[15] *Id.* (quoting *Twombly*, 550 U.S. at 570). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)).

[16] *Ashcroft,* 556 U.S. at 678.

Case No. 3:25-cv-00028-SLG, *Larson v. Hamilton, et al.*
Screening Order
Page 4 of 13
Case 3:25-cv-00028-SLG    Document 4    Filed 07/08/25    Page 4 of 13

federal statutes.[17] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[18] To be deprived of a right, the defendant's action needs to either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[19] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[20]

### A. Restrictions on Prisoner Mail

Prisoners have "a First Amendment right to send and receive mail."[21] But prisoners' First Amendment rights are "necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security."[22] A regulation that impinges on First Amendment rights "is valid if it is reasonably related to legitimate penological interests."[23] To determine the validity of a regulation, federal courts apply the test established under *Turner v. Safely*, which considers four factors: (1) whether there is a valid, rational connection between the regulation and a legitimate government interest

---

[17] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[18] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[19] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[20] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[21] *Witherow v. Paff,* 52 F.3d 264, 265 (9th Cir. 1995) (per curiam).

[22] *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987) (per curiam).

[23] *Turner v. Safley*, 482 U.S. 78, 89 (1987).

Case No. 3:25-cv-00028-SLG, *Larson v. Hamilton, et al.*
Screening Order
Page 5 of 13
Case 3:25-cv-00028-SLG    Document 4    Filed 07/08/25    Page 5 of 13

used to justify the regulation; (2) whether prisoners retain alternative means of exercising the right at issue; (3) the impact the requested accommodation will have on inmates, prison staff, and prison resources generally; and (4) whether the prisoner has identified ready alternatives to the regulation that could be implemented at a minimal cost to legitimate penological interests.[24] Review of prison policies "is highly deferential, and it often requires [courts] to uphold rules that, in contexts not involving prisons, would plainly violate the First Amendment."[25]

Plaintiff's Complaint fails to state sufficient facts, that if accepted as true, would support a plausible facial[26] or as-applied challenge[27] to the rejection of the sheet mail sent to Plaintiff by his niece. Both facial and as-applied challenges are evaluated under the *Turner* framework.[28]

### 1. Policies requiring mail be purchased from an approved vendor

DOC Policy & Procedure 810.03.VIII.8 states, "[a]ll publications, including magazines, comics, graphic novels, books, or newspapers, must be ordered, and

---

[24] *Id.*

[25] *Prison Legal News v. Ryan*, 39 F.4th 1121, 1128 (9th Cir. 2022).

[26] A facial challenge to a prison policy challenges the application of the policy more broadly than to just the plaintiff's particular case. *See John Doe No. 1 v. Reed*, 561 U.S. 186, 194 (2010) (explaining that facial challenges "reach beyond the particular circumstances of these plaintiffs.").

[27] To support an "as applied" challenge, Plaintiff must show that his individual circumstances make the application of DOC's policy unconstitutional when that policy is applied to him. *See Hoye v. City of Oakland,* 653 F.3d 835, 857 (9th Cir. 2011).

[28] *Prison Legal News v. Ryan,* 39 F.4th at 1135; *see also Bahrampour v. Lampert,* 356 F.3d 969, 975 (9th Cir. 2004).

Case No. 3:25-cv-00028-SLG, *Larson v. Hamilton, et al.*
Screening Order
Page 6 of 13
Case 3:25-cv-00028-SLG     Document 4     Filed 07/08/25     Page 6 of 13

received directly from the vendor."[29] Courts have repeatedly upheld prison mail regulations requiring that publications—such as books, magazines, and sheet music—be purchased from an approved vendor.[30] Such policies are often justified by legitimate penological interests, including reducing the risk of contraband, ensuring the security of the facility, and minimizing the need for extensive inspections.[31] Handwritten, printed, or photocopied documents—including music, puzzles, games, or other artistic materials—may contain hidden messages, plans for criminal activity, gang-affiliated content, or other coded information not easily understood or deciphered during a security inspection. Materials sent from verified publishers or retailers are less likely to be forged, tampered with, or altered, thus reducing the resources needed for inspection.[32]

Plaintiff has not alleged facts that if proven would demonstrate that this regulation is not reasonably related to a legitimate penological interest or that Defendants' withholding of the sheet music was arbitrary or exaggerated.[33] And here, DOC partially granted Plaintiff's grievance stating that he could purchase the sheet music through an approved vendor.[34] Plaintiff acknowledges that he has

---

[29] Docket 1-1 at 3.

[30] *Bell v. Wolfish,* 441 U.S. 520, 550 (1979) (holding that a prohibition against receipt of hardback books unless mailed directly from publishers, book clubs, or bookstores does not violate the First Amendment rights of prisoners).

[31] *Turner*, 482 U.S. at 91. *See also O' Keefe v. Van Boening*, 82 F.3d 322, 326 (9th Cir. 1996).

[32] 22 AAC 05.520(c)(1)(C).

[33] *See Sikorski v. Whorton*, 631 F. Supp.2d 1327 (D. Nevada 2009).

[34] Docket 1 at 8; Docket 1-1 at 7.

previously "order[ed] single pieces of sheet music… multiple times" while in DOC custody,[35] but Plaintiff claims he "could not afford to buy [all the music]," that was already paid for through his subscription.[36] While Plaintiff may have legitimate financial concerns, he has not demonstrated that DOC has completely foreclosed his option to obtain the sheet music, since he can receive it directly from the vendor. For these reasons, the Complaint is DISMISSED for failure to state a claim. While amendment is likely futile, Plaintiff is accorded leave to amend this claim.

### 2. Plaintiff's claim regarding limitations on pages

While Plaintiff's mail may also have been withheld "in part because of the volume of pages,"[37] Plaintiff also states that during his attempts to informally resolve this issue, Sergeant Benge raised concerns with the volume of pages, stating that DOC "did not have the time or the staff to search [the] mail for illegal content."[38] Such statements support a policy that requires publications to be purchased from an approved vendor. Further, the Standards Administrator declined to addressed Plaintiff's claims regarding restrictions on the number of pages, and both the Complaint and attached DOC records indicate the primary reason for withholding the mail was because the sheet music met DOC's definition

---

[35] Docket 1-1 at 6.

[36] Docket 1.

[37] Docket 1-1 at 8.

[38] Docket 1 at 12.

Case No. 3:25-cv-00028-SLG, *Larson v. Hamilton, et al.*
Screening Order
Page 8 of 13
Case 3:25-cv-00028-SLG   Document 4   Filed 07/08/25   Page 8 of 13

of a publication and it did not come to him directly from the vendor.[39] Therefore, the Court declines to address Plaintiff's additional arguments regarding alleged prohibitions on the number of pages a prisoner can receive in the mail.

### B. Violations of State Regulations & Prison Policies

An alleged violation of a state regulation or prison policy does not, by itself, give rise to a federal constitutional claim cognizable under Section 1983.[40] Only if the events complained of rise to the level of a federal constitutional or statutory violation, independent of whether or not the events constitute a failure to adhere to a state prison regulation, will they support a claim under Section 1983.[41]

### III. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[42] Any claim not included in the amended complaint will be considered waived. A complaint need only to allege sufficient factual matter, accepted as true, to state a plausible claim for relief.[43] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.

---

[39] Docket 1-1 at 7.

[40] *See, e.g., Sandin v. Conner,* 515 U.S. 472, 482 (1995) (holding no constitutionally protected due process liberty interest in prison regulations even when the regulations are phrased in mandatory terms); *Cousins v. Lockyer,* 568 F.3d 1063, 1070 (9th Cir. 2009) (noting a violation of a prison regulation does not "establish a federal constitutional violation").

[41] *Jones v. Williams,* 297 F.3d 930, 934 (9th Cir. 2002).

[42] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

[43] Fed. Rule Civ. Proc. 8(a)(2).

Case No. 3:25-cv-00028-SLG, *Larson v. Hamilton, et al.*
Screening Order
Page 9 of 13
Case 3:25-cv-00028-SLG   Document 4   Filed 07/08/25   Page 9 of 13

An amended complaint must contain separately numbered, clearly identified claims. If handwritten, it must be legible. Each claim should identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury occurred, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, with no paragraph number being repeated anywhere in the complaint.[44] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances."

If Plaintiff chooses to file an amended complaint, the Court will screen the amended complaint to determine whether it is subject to dismissal or whether there are any plausible claims that may proceed to the next stage of litigation. Should any amended complaint proceed beyond the screening stage, the Court will order service of that complaint on Defendant(s). Plaintiff must not attempt to serve any Defendant until the Court so orders.

---

[44] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

Case No. 3:25-cv-00028-SLG, *Larson v. Hamilton, et al.*
Screening Order
Page 10 of 13
Case 3:25-cv-00028-SLG    Document 4    Filed 07/08/25    Page 10 of 13

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at **Docket 1 is DISMISSED**. The Court grants Plaintiff leave to file an amended complaint that attempts to correct the deficiencies in the Complaint that are identified in this order.

2. Plaintiff is accorded **60 days** from the date of this order to file either:

    a. <u>First Amended Complaint</u>, in which Plaintiff revises his complaint to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

    b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

3. If the amended complaint is dismissed for failure to state a claim and this case is closed, it will count as a "strike" under 28 U.S.C. §1915(g), which may limit Plaintiff's ability to bring future cases under Section 1983 in federal court.

4. If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form, this case shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) as a strike and without further notice to Plaintiff, for failure to state a claim.[45]

---

[45] *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) (holding that "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).").

Case No. 3:25-cv-00028-SLG, *Larson v. Hamilton, et al.*
Screening Order
Page 11 of 13
Case 3:25-cv-00028-SLG    Document 4    Filed 07/08/25    Page 11 of 13

5. A Notice of Voluntary Dismissal does not count as a strike.[46]

6. Plaintiff's application to waive *prepayment* of the filing fee at **Docket 2 is GRANTED.**

7. Federal law only allows the Court to waive a prisoner's *prepayment* of the fees associated with civil lawsuits. Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[47] Should Plaintiff proceed with this lawsuit, the Court will issue a separate order for the collection of the filing fee.

8. If Plaintiff is released from custody while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[48] Failure to comply may result in dismissal of this action.

9. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[49] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

---

[46] *Spencer v. Barajas*, Case No. 24-2441, --- F.4th ----, 2025 WL 1600926 (9th Cir. June 6, 2025).

[47] 28 U.S.C. § 1915(b)(1)&(2).

[48] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

[49] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.

Case No. 3:25-cv-00028-SLG, *Larson v. Hamilton, et al.*
Screening Order
Page 12 of 13
Case 3:25-cv-00028-SLG   Document 4   Filed 07/08/25   Page 12 of 13

10. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

11. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[50] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

12. With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 8th day of July, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

gov/court-info/local-rules-and-orders/local-rules.

[50] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 3:25-cv-00028-SLG, *Larson v. Hamilton, et al.*
Screening Order
Page 13 of 13
Case 3:25-cv-00028-SLG    Document 4    Filed 07/08/25    Page 13 of 13